Michael Doggett
DOGGETT LAW OFFICES, PLLC
2120 S. Reserve St., #130
Missoula, MT 59801
Telephone: (406) 442-1160
Facsimile: (406) 258-0398
E-mail: mike@doggettlawoffice.net
*Attorney for Defendant*

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
HELENA DIVISION

| | |
|---|---|
| JAMES PATTERSON,<br><br>Plaintiff,<br><br>vs.<br><br>CINDY PATTERSON,<br><br>Defendant. | Cause No. CV-26-48-H-JTJ<br><br>**DEFENDANT'S BRIEF IN SUPPORT OF SPECIAL MOTION FOR EXPEDITED RELIEF TO STRIKE UNDER MONTANA'S UNIFORM PUBLIC EXPRESSION PROTECTION ACT, OR, IN THE ALTERNATIVE, TO DISMISS UNDER RULE 12(b)(6)** |

COMES NOW, Defendant Cindy Patterson (hereinafter "Cindy" or "Defendant"), by and through counsel of record Michael C. Doggett of Doggett Law Offices, PLLC, and pursuant to Montana Code Ann. § 27-34-101, et seq. (the Uniform Public Expression Protection Act) and Rule 12(b)(6) of the Federal Rules of Civil Procedure, hereby files this Brief in Support of Special Motion for Expedited Relief to Strike under Montana's Uniform Public Expression Protection

Act, Or, In the Alternative, to Dismiss Under Rule 12(b)(6) of the Federal Rules of Civil Procedure.

## I. INTRODUCTION

Plaintiff James Patterson, a licensed clinician, chaplain, and military officer, sued his estranged wife Cindy Patterson ("Defendant" or "Cindy") for libel, slander, and injunctive relief because she reported his marriage to a former counseling client to the professional licensing boards that regulate him, to churches and religious endorsers, and to other parties concerned with his professional fitness.

Those reports are core First Amendment petitioning and free-speech activity on matters of public concern. Montana's newly enacted Uniform Public Expression and Participation Act ("UPEPA"), itself modeled after other laws such as California's anti-SLAPP statutes, exists precisely to dispose of such claims at the earliest possible stage. Mont. Code Ann. §§ 27-34-101 et seq.

The Plaintiff's claims arise from protected activity under UPEPA. The burden therefore shifts to Plaintiff to establish a prima facie case on every essential element of his defamation claims. He cannot do so. The statements are privileged under the First Amendment and Montana law, are matters of public concern, are substantially true, and consist in large part of non-actionable opinion.

Independently, in the alternative that this Court does not dismiss the entirety of the Complaint under UPEPA, the Complaint fails to state a claim under Rule 12(b)(6). This Court should dismiss the action with prejudice and award Defendant her fees and costs.

## II. STANDARD OF REVIEW

To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). In determining whether a claim for relief is plausible on its face, a court may "draw on its judicial experience and common sense" to determine whether "the plaintiff [has pled] factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. at 678-79. However, "recitals of the elements of a cause of action, supported by mere conclusory statements," are insufficient. Id. at 678.

## III. STATEMENT OF RELEVANT FACTS

Plaintiff is a Montana-licensed clinician who owns Emmaus Counseling Services of Montana, serves as a VA and Air National Guard chaplain, and holds (or held) licenses in Montana, Wyoming, and West Virginia. (Compl. ¶¶ 4, 21.) Defendant was Plaintiff's counseling client for approximately five years, with the professional relationship ending on December 10, 2019. (Compl. ¶ 9.) The parties

married on February 12, 2021—approximately 14 months later. (Compl. ¶¶ 14–15.)

After the marriage deteriorated and Plaintiff refused Defendant's demands regarding money and false admissions, Defendant contacted licensing boards, churches, pastors, religious networks, Plaintiff's ordination sponsor (The Vine Network), the National Association of Evangelicals, Montana legislative bodies, and others. (Compl. ¶¶ 19, 22–37.) She reported, among other things, the former-client relationship and related boundary concerns.

Plaintiff himself placed the Wyoming proceedings squarely at issue in the Complaint. In paragraph 35 he affirmatively alleges that Defendant filed a complaint with the Wyoming Board and that "Plaintiff voluntarily surrendered his license in Wyoming because he no longer needed it and there was therefore no need to spend time and resources defending himself in that venue." (Compl. ¶ 35.) By expressly referencing the Wyoming complaint and his voluntary surrender, Plaintiff incorporated those proceedings into the pleadings.

The official Wyoming Board Notice that preceded the surrender option is therefore properly considered on this motion as a document incorporated by reference and as a matter of public record subject to judicial notice. It is not a matter outside the pleadings.

The Notice reflects that on or about May 8, 2025, the Wyoming Mental Health Professions Licensing Board received Defendant's administrative complaint alleging boundary violations arising from the counseling relationship and subsequent marriage. After investigation and Plaintiff's response, the Board's Disciplinary Committee issued a formal Notice of Intent to Recommend Disciplinary Action – Revocation, concluding that the conduct violated Wyoming Statute § 33-38-110(c)(iii) and (ix), Board rules prohibiting romantic or sexual intimacies with a client or former client, and the AAMFT Code of Ethics § 1.5 (adopted by the Board). The Notice offered voluntary surrender as an alternative—the path Plaintiff admits he took. The Montana Board of Behavioral Health later dismissed parallel complaints after investigation. (Compl., ¶ 34.)

Plaintiff filed this diversity action on July 10, 2026, seeking damages and injunctive relief for alleged libel and slander.

## III. ARGUMENT

UPEPA applies to any claim "based on the person's (a) communication in a legislative, executive, judicial, administrative, or other governmental proceeding; (b) communication on an issue under consideration or review in [such] a proceeding; or (c) exercise of the right of freedom of speech or of the press, the right to assemble or petition, or the right of association … on a matter of public concern." Mont. Code Ann. § 27-34-102(1).

The bulk of the challenged statements fall squarely within subsections (a) and (b): written complaints to the Montana, Wyoming, and West Virginia counseling boards, and public comments to Montana legislative committees and the Licensing Reform Task Force. These are communications in or on issues under consideration by administrative and legislative bodies. The remaining statements—to churches, ordination sponsors, the NAE, and related networks—concern the professional ethics and fitness of a multi-state licensed clinician and chaplain who treats vulnerable clients. That is a classic matter of public concern.

No statutory exception applies. Defendant is not a governmental actor, the claims are not brought by the government to enforce public health/safety measures, and the speech is not commercial speech related to the sale of goods or services. Mont. Code Ann. § 27-34-102(2).

Because the claims arise from protected activity, the Court "shall" dismiss them with prejudice unless Plaintiff establishes a prima facie case as to each essential element of libel and slander, or unless Defendant shows failure to state a claim or entitlement to judgment as a matter of law. Mont. Code Ann. § 27-34-107(1). The statute expressly incorporates both Rule 12(b)(6) and Rule 56 standards. UPEPA further permits the Court to consider the pleadings and supporting materials without converting the motion.

Montana uses a three-part analysis to determine whether the publication was defamatory: (1) whether the communication is capable of bearing a particular and defamatory meaning; (2) whether the defamatory publication was aimed specifically at the person claiming injury; and (3) whether the defamatory publication meets the criteria to constitute libel *per se.* Lee v. Traxler, 2016 MT 292, 385 Mont. 354, 384 P.3d 82. ¶ 18. If the statement is defamatory, Montana determines if the communication is privileged. *Id*., ¶ 19.

In this case, the Plaintiff's claims fail because they are communications in a government proceeding or an issue therein, are part of the exercise of free speech and Petition and a matter of public concern, privileged, not defamatory, and not published.

Under Mont. Code Ann. § 27-1-804(2), a privileged publication is one made "in any legislative or judicial proceeding or in any other official proceeding authorized by law." In *McLeod v. State ex rel. Dep't of Transp*., 2009 MT 130, ¶ 18, 350 Mont. 285, 206 P.3d 956, the Montana Supreme Court found that written complaints filed with the Department of Labor and Industry (DOLI) alleging that a licensed real estate appraiser violated professional standards were absolutely privileged under § 27-1-804(2). *Id*. The Court held the statements were made in an official proceeding authorized by law (DOLI's authority to investigate

professional misconduct under Title 37) and directed to the proper authority. *Id.* Privilege barred the libel/slander claims as a matter of law. *Id.*

On a Rule 12(b)(6) motion the Court may consider the complaint itself, documents attached to or incorporated by reference in the complaint, and matters of public record subject to judicial notice, without converting the motion to one for summary judgment. Plaintiff affirmatively alleged the existence of the Wyoming Board complaint and his voluntary surrender of the Wyoming license (Compl. ¶ 35). Those allegations incorporate the related official proceedings into the pleadings.

Wyoming's agency that regulates the Plaintiff's profession reviewed the core facts Plaintiff himself alleges (the five-year counseling relationship ending December 10, 2019, and the February 12, 2021 marriage) and found them sufficient to recommend revocation under Wyoming law and the adopted AAMFT ethical standards. Plaintiff's subsequent voluntary surrender, as pleaded in his own Complaint, further confirms the Board's assessment was not baseless.

The facts herein, taken together with the holding in *McLeod*, require dismissal of the Complaint because complaints made to state regulatory agencies are privileged in Montana. That is especially true here where at least one of the Complaints led to Wyoming to pursue administrative action against Plaintiff if he did not surrender his license.

Furthermore, the First Amendment provides multiple, overlapping layers of protection that independently require dismissal of the Complaint under both UPEPA and Rule 12(b)(6).1

The Petition Clause of the First Amendment protects the right of citizens to report potential wrongdoing to the governmental bodies charged with investigating and regulating it. Statements made to licensing boards in connection with quasi-judicial administrative proceedings—or preliminary to such proceedings—are privileged. This privilege is at its strongest when communication is directed to the precise agency with authority over the subject matter (here, the Montana, Wyoming, and West Virginia mental-health licensing boards). The privilege extends to the core factual allegations of professional boundary violations and ethical breaches. The Wyoming Board Notice itself demonstrates that Defendant's complaint was treated as a legitimate regulatory filing that triggered formal investigation and a revocation recommendation. Imposing defamation liability for such petitioning, especially successful petitioning, would especially chill the very citizen oversight the Petition Clause is designed to protect.

Independent of the Petition Clause, the Free Speech Clause protects speech on matters of public concern. The professional ethics, dual relationships, and fitness of a multi-state licensed marriage-and-family therapist who also serves as a military and VA chaplain and treats vulnerable clients are classic matters of public

concern under UPEPA. The public has a substantial interest in the integrity of licensed mental health professionals and in the enforcement of ethical rules governing former client relationships.

When speech addresses a matter of public concern, the First Amendment imposes heightened requirements even if the plaintiff is a private figure. Plaintiff must prove at least negligence with respect to falsity, and he must prove actual damages. He cannot do so. The Wyoming Board's independent recommendation of revocation on the same core facts supplies a reasonable basis for Defendant's reports and negates the required showing of fault.

The First Amendment, like Montana common law, recognizes substantial truth as a complete defense. The central factual assertion—Plaintiff provided counseling to Defendant for five years ending December 10, 2019, and married her approximately fourteen months later—is undisputed and appears in Plaintiff's own Complaint. Wyoming Board rules and the adopted AAMFT Code of Ethics prohibit romantic or sexual intimacies with former clients. An independent state licensing board found those facts sufficient to recommend revocation. Minor differences in peripheral characterization or rhetorical emphasis do not defeat substantial truth. The First Amendment does not require defendants to prove the literal truth of every word; it requires only that the "gist" or "sting" of the statement be true.

Protected opinion and rhetorical hyperbole statements that Plaintiff is a "predator," "groomer," "narcissist," "manipulator," or "unfit to serve others" are non-actionable opinions or rhetorical hyperbole, especially when made in regulatory filings, when based on disclosed or substantially true underlying facts. The First Amendment fully protects such evaluative expressions. A reasonable reader or listener would understand them as Defendant's characterization of the admitted former client relationship rather than as assertions of objective, verifiable fact.

To the extent Plaintiff relies on private text messages exchanged solely between the parties, those communications fail for the independent constitutional and common-law reason that they were never published to a third party. Defamation under Montana law requires a "false and unprivileged **publication**." Mont. Code Ann. §§ 27-1-802 (libel), 27-1-803 (slander). Private texts between plaintiff and defendant are not published and cannot support a claim for libel or slander.

Plaintiff seeks injunctive relief and a TRO that would restrict Defendant's future speech on these topics. Any such injunction would constitute a classic prior restraint on core First Amendment activity (petitioning government and speaking on matters of public concern). Prior restraints are presumptively unconstitutional. The injunctive relief count must be dismissed on this ground alone.

UPEPA was enacted to protect precisely the type of speech and petitioning activity at issue here. By shifting the burden early and mandating fee recovery, the statute operationalizes the First Amendment's intolerance for meritless lawsuits that chill public participation and citizen oversight of licensed professionals. UPEPA application in this case directly advances those constitutional values. See Mont. Code Ann. §§ 27-34-101 et seq.

Even without UPEPA, the Complaint must be dismissed under Rule 12(b)(6). It fails to plead falsity with the required specificity as to each challenged statement, fails to plead the requisite fault, and seeks to impose liability for privileged petitioning activity and protected opinion. The Wyoming regulator's opinions, together with Plaintiff's own allegations, demonstrate that the claims are not viable on their face. Private inter-party texts fail for lack of publication under Mont. Code Ann. §§ 27-1-802 and 27-1-803.

If the Court grants this Motion in whole or in part, UPEPA mandates an award of Defendant's reasonable attorneys' fees, costs, and expenses. Mont. Code Ann. § 27-34-108. This Court should make such an award to Defendant.

## IV. CONCLUSION

For the foregoing reasons, Defendant respectfully requests that this Court:

1. Grant the Special Motion for Expedited Relief under UPEPA and dismiss the Complaint in its entirety with prejudice;

2. Alternatively, dismiss the Complaint under Fed. R. Civ. P. 12(b)(6);
3. Stay all proceedings pending resolution of this Motion;
4. Award Defendant her reasonable attorneys' fees, costs, and expenses; and
5. Grant such other relief as the Court deems just and proper.

DATED this 10th day of August, 2026.

/S/ MICHAEL C. DOGGETT

MICHAEL C. DOGGETT

DOGGETT LAW OFFICES, P.L.L.C.
MICHAEL C. DOGGETT
Doggett Law Offices, P.L.L.C.
2120 S. Reserve St., #130
Missoula, MT 59801
(406) 442-1160 (Telephone)
(406) 350-7856 (Facsimile)
mike@doggettlawoffice.net
Attorney for Plaintiff

**CERTIFICATE OF COMPLIANCE**

I hereby certify that this document complies with the word limit of Local Rule 7.1(d)(2) because this document, excluding the caption, certificate of compliance and certificate of service, contains 2,427 words. I make this certification in reliance on the word count feature embedded in Microsoft Word.

DATED this 10th day of August, 2026.

/S/ MICHAEL C. DOGGETT

MICHAEL C. DOGGETT

Attorney for Defendant

**CERTIFICATE OF SERVICE**

I hereby certify that a copy of the foregoing was served upon the Plaintiff via the federal court's CME/CF system:

Gregory McDonnell
ORR MCDONNELL LAW, PLLC
627 Woody Street
Missoula, MT 59802
Telephone: (406) 543-0999
Facsimile: (406) 552-0560
greg@omlmt.com
katie@omlmt.com

Rachele R. Byrd
WOLF HALDENSTEIN ADLER FREEMAN & HERZ LLP
750 B. Street, Suite 1820
San Diego, CA 92101
Telephone: (619) 239-4599
Facsimile: (619) 234-4599
byrd@whafh.com

DATED this 10th day of August, 2026.

/S/ MICHAEL C. DOGGETT

MICHAEL C. DOGGETT

Attorney for Plaintiff